RUSSELL, J.,
specially concurring:
¶ 40. I agree with the majority’s opinion based on the law as it exists in Mississippi and in no way suggest equitable distribution be applied to cohabitants. However, I write separately to note the inequitable result in such situations as exist in this case, albeit unintended.
¶ 41. Mississippi does not recognize or condone same-sex relationships. See Miss. Code Ann. § 98-1-1 (Rev. 2004). Further, our Legislature abolished common-law marriage in 1956. See Miss.Code Ann. § 93-1-15(1) (Rev. 2004). Thus, we also refuse to provide a remedy to cohabiting heterosexual partners who jointly accumulate property without the benefit of a valid marriage. See Davis v. Davis, 643 So.2d 931, 934-35 (Miss.1994); see also Jamie R. Ballard, Comment, Property Rights (or Lack Thereof) of Unmarried Cohabitants in Mississippi, 29 Miss. C. L. Rev. 613 (2010).[9] But by refusing to divide property, one party benefits while the other receives nothing when both parties are equally “guilty” of participating in the relationship. This concept was noted by the Wisconsin Supreme Court:
[Allowing no relief at all to one party in a so-called “illicit” relationship effectively provides total relief to the other, by leaving that party owner of all the assets acquired through the efforts of both. Yet it cannot seriously be argued that the party retaining all the assets is less “guilty” than the other. Such a result is contrary to the principles of equity.
Watts v. Watts, 137 Wis.2d 506, 405 N.W.2d 303, 314 (1987). See also Marvin v. Marvin, 18 Cal.3d 660, 134 Cal.Rptr. 815, 557 P.2d 106, 121 (1976) (noting that “to the extent that denial of relief ‘punishes’ one partner, it necessarily rewards the other by permitting [the party] to retain a disproportionate amount of the property. Concepts of ‘guilty’ thus cannot justify an unequal division of property between two equally ‘guilty’ persons.”). As a result, the party who has title to property can, in essence, use the relationship as a defense to prevent the other party, regardless of contributions, from receiving anything upon the dissolution of the relationship. In my view, such a result is inequitable. Cohabitants who want to ensure they receive something in return for their contributions are forced to reduce their personal relationship to an impersonal contract. But, as correctly stated by the majority, it *1084 is the duty of the Legislature — not the courts — to provide a remedy to unmarried cohabitants in the context of property disputes. Therefore, I concur with the majority.
IRVING, P.J., JOINS THIS OPINION. ISHEE, J., JOINS THIS OPINION IN PART.

. The narrow exception to this rule is the situation where the parties were lawfully married, divorced, and subsequently cohabited with each other. In that situation, Mississippi courts have equitably divided property even though the parties were not lawfully married at the time of the property division. See Pickens v. Pickens, 490 So.2d 872, 876 (Miss.1986); Wooldridge v. Wooldridge, 856 So.2d 446, 452 (Miss.Ct.App.2003).